UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

CARISSA QUINONES,

                        Plaintiff,

                  -against-

THE CITY OF NEW YORK, DET. DEREK RIVERA, Shield No. 4356, Individually and in his Official Capacity, and P.O.'s "JOHN DOE" #1-10, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown),

                        Defendants.

-------------------------------------------------------------------X

**COMPLAINT**

**12 CV 0915**

**JURY TRIAL DEMANDED**

**ECF CASE**

       Plaintiff CARISSA QUINONES, by her attorneys, COHEN & FITCH LLP, complaining of the defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2.     This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Southern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff CARISSA QUINONES is a Hispanic female and has been at all relevant times a resident of the City and State of New York.

7.      Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

9.      At all times hereinafter mentioned, the individually named defendants P.O. DEREK RIVERA and P.O.s "JOHN DOE" #1-#10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13.     On or about February 19, 2011, at approximately 6:00 a.m., plaintiff CARISSA QUINONES was lawfully present in the premises known as 31 Richman Plaza, Apartment 2G, in the county of Bronx, State of New York.

14.     At the aforesaid time, plaintiff was seven and a half (7.5) months pregnant and she was staying as a guest, with her four (4) year old son, with the residents of that location.

15.     At the aforesaid time and place, plaintiff and her son were asleep in the living room when the defendant police officers knocked down the door of the apartment and entered the residence.

16.     Upon information and belief, the defendant officers did not provide a copy of any warrant to plaintiff.

17.     Upon information and belief, the police officers, if they did possess a warrant, did not enter in a manner or at a time authorized in the warrant.

18.     Upon information and belief, plaintiff was not listed or described as a suspect or target on any application for any warrant.

19.     Defendant police officers aggressively entered the apartment with their guns drawn, terrorizing plaintiff and all of the other occupants in the apartment.

20.     Soon thereafter, plaintiff was subjected to an invasive strip search.

21.     Said search revealed no evidence of criminal or unlawful activity whatsoever.

22.     At no time on February 19, 2011, did defendants possess the particularized suspicion necessary to justify an invasive strip search.

23.     Nevertheless, the officers placed plaintiff under arrest, handcuffing her arms tightly behind her back, and charged her with Criminal Possession of a Controlled Substance in the Third, Fourth, Fifth, and Seventh Degrees.

24.     At no time on February 19, 2011, did plaintiff possess or control any controlled substance or behave unlawfully in any way.

25.     At no time on February 19, 2011, did defendants possess probable cause to arrest plaintiff.

26.     At no time on February 19, 2011, did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

27.     In connection with her arrest, defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the Bronx County District Attorney's Office.

28.     Thereafter, defendants repeatedly gave false and misleading testimony regarding the facts and circumstances of plaintiff's arrest.

29.     Specifically, defendants falsely alleged that they found one (1) plastic bag of marijuana, one (1) burnt cigarette, and ten (10) plastic bags of crack cocaine in plaintiff's custody and control.

30.     As a result of her unlawful arrest, plaintiff CARISSA QUINONES spent approximately sixty (60) hours in police custody and approximately five (5) months making numerous court appearances before all charges against her were dismissed on July 13, 2011.

31.     As a result of the foregoing, plaintiff CARISSA QUINONES sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of her constitutional rights.

**FIRST CLAIM FOR RELIEF**
**DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983**

32.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33.     All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

34.     All of the aforementioned acts deprived plaintiff CARISSA QUINONES of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

35.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

36.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

37.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## FALSE ARREST UNDER 42 U.S.C. § 1983

38.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39.     As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

40.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, she was put in fear for her safety, and she was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## THIRD CLAIM FOR RELIEF
## MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983

41.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42.     Defendants misrepresented and falsified evidence before the Bronx County District Attorney.

43.     Defendants did not make a complete and full statement of facts to the District Attorney.

44.     Defendants withheld exculpatory evidence from the District Attorney.

45.     Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff CARISSA QUINONES.

46.     Defendants lacked probable cause to initiate criminal proceedings against plaintiff CARISSA QUINONES.

47.     Defendants acted with malice in initiating criminal proceedings against plaintiff CARISSA QUINONES.

48.     Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff CARISSA QUINONES.

49.     Defendants lacked probable cause to continue criminal proceedings against plaintiff CARISSA QUINONES.

50.     Defendants acted with malice in continuing criminal proceedings against plaintiff CARISSA QUINONES.

51.     Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

52.     Specifically, defendants falsely alleged that they found one (1) plastic bag of marijuana, one (1) burnt cigarette, and ten (10) plastic bags of crack cocaine in plaintiff's custody and control.

53.     Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal proceedings were terminated in plaintiff CARISSA QUINONES's favor on or about July 13, 2011, when the charges against her were dismissed.

54.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, she was put in fear for her safety, and she was humiliated and subjected to handcuffing and other physical restraints without probable cause.

## FOURTH CLAIM FOR RELIEF
## DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL
## UNDER 42 U.S.C. § 1983

55.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "54" as if the same were more fully set forth at length herein.

56.     Defendants created false evidence against plaintiff CARISSA QUINONES.

57.     Specifically, defendants falsely alleged that they found one (1) plastic bag of marijuana, one (1) burnt cigarette, and ten (10) plastic bags of crack cocaine in plaintiff's custody and control.

58.     Defendants forwarded false evidence and false information to prosecutors in the Bronx County District Attorney's Office.

59.     Defendants misled the prosecutors by creating false evidence against plaintiff CARISSA QUINONES and thereafter providing false testimony throughout the criminal proceedings.

60.     In creating false evidence against plaintiff CARISSA QUINONES, in forwarding false evidence and information to prosecutors, and in providing false and misleading sworn statements, defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

61.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, she was put in fear for her safety, and she was humiliated and subjected to handcuffing and other physical restraints without probable cause.

**FIFTH CLAIM FOR RELIEF
UNLAWFUL AND UNREASONABLE
SEARCH UNDER 42 U.S.C. § 1983**

62.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63.     As a result of the forgoing plaintiff CARISSA QUINONES was subjected to an unreasonable and intrusive strip search that shocks the conscience in violation of her due process rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

64.     As a result of the aforesaid conduct by defendants, plaintiff's person and possessions were illegally, improperly, and unreasonably searched without a valid warrant, probable cause, privilege or consent, in violation of her constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

## SIXTH CLAIM FOR RELIEF
## MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

65.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

67.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included, but were not limited to the following unconstitutional practices:

- arresting any and all individuals in or around a premises named in a search warrant regardless of probable cause;

- arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing; and

- arresting individuals in the absence of probable cause in order to inflate the officers' arrest statistics.

68.     The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the following civil rights actions filed against the City of New York:

- **Middleton v. City of New York**, 09 CV 4656 (plaintiff was arrested along with the occupants of the house as a result of drugs being found in a bedroom where she was not located and held for thirty (30) hours before the District Attorney declined prosecution because there was no evidence consistent with her knowledge or possession of the drugs recovered).

- **Hoover v. City of New York**, 09 CV 0088 (plaintiff was arrested along with all of the occupants of the apartment because drugs were found secreted in two bedrooms where plaintiff was not located and held for twenty four (24) hours before the District Attorney declined prosecution because there was no evidence consistent with her knowledge or possession of the drugs recovered).

- **Nunez v. City of New York**, 09 CV 8798 (plaintiffs were arrested along with all of the occupants of an apartment because a gun was found in a locked safe in one of the occupants room and were held twenty four (24) hours before the District Attorney declined prosecution because there was no evidence consistent with their knowledge or possession of the gun).

- **Batista v. City of New York**, 08 CV 7639 (plaintiffs were arrested along with all of the occupants of an apartment as the result of a drugs found in one of the occupants pocket and were all held twenty four (24) hours before the District Attorney declined prosecution because there was no evidence consistent with their knowledge or possession of the drugs).

- **Ramos v. City of New York**, 10 CV 1171 (plaintiff was arrested with all other individuals located in an apartment as the result of a single pill of Ciboxen recovered in the owners bedroom nightstand and were all held twenty four (24) hours before the District Attorney declined prosecution because there was no evidence consistent with their knowledge or possession of the drugs).

69.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff.

70.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

71.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

72.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff was unlawfully arrested and detained.

73.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

74.     The acts complained of deprived plaintiff of her rights:

A.  Not to be deprived of liberty without due process of law;

B.  To be free from seizure and arrest not based upon probable cause;

C.  To be free from unlawful search;

D.  Not to have summary punishment imposed upon her; and

E.  To receive equal protection under the law.

75.     As a result of the foregoing, plaintiff is entitled to compensatory damages and is further entitled to punitive damages against the individual defendants.

**WHEREFORE**, plaintiffs respectfully request judgment against defendants as follows:

i.   an order awarding compensatory damages in an amount to be determined at trial;

ii.  an order awarding punitive damages in an amount to be determined at trial;

iii. reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

iv.  directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
       February 3, 2012

BY:_____/S_____
JOSHUA FITCH
COHEN & FITCH LLP
Attorneys for Plaintiff
The Woolworth Building
233 Broadway, Suite 1800
New York, N.Y. 10279
(212) 374-9115
jfitch@cohenfitch.com